PER CURIAM.
Appellant was convicted in the district court on one count of conspiracy to possess with intent to distribute 500 grams or more of methamphetamine and on one count of possession with intent to distribute such quantity of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). He was sentenced to terms of imprisonment totaling 188 months. He now appeals his convictions and sentences.
Appellant challenges his convictions on the ground that the evidence the Government presented to the jury was insufficient to make out the charged of *403 fenses.[1] He says that the Government’s case consisted merely of (1) the testimony of a drug dealer, who said that he overheard a co-conspirator tell a third party that appellant would be bringing drugs into the area and had seen appellant assist the same co-conspirator in a prior drug deal, and (2) the circumstance that he was a passenger in the truck carrying the drugs, a truck that was under the dominion and control of a codefendant, when the truck was stopped by law enforcement officers. This, however, is not all the jury learned. What it learned in addition to this was
— that appellant was at the hotel room Gutierrez rented to facilitate the scheduled drug transactions and examined the truck in the hotel’s parking lot at a moment when the truck contained over 850 grams of methamphetamine;
— that he held a substantial amount of methamphetamine during two transactions, for which he and Lara received some $15,200; and
— that, according to Bradley, he made two-pound deliveries of the drug to Montgomery every two weeks.
The Government’s case was solid and is unassailable here.
Appellant challenges his sentences on the ground that half of the 1700 grams of methamphetamine for which the court held him accountable, and triggered the Guidelines sentence range and effectively his sentences, was found by the court and not on the basis of his own admission or a jury verdict as required by the Sixth Amendment.[2] Citing Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2581, 159 L.Ed.2d 408 (2004), he asks that we vacate his sentences and remand the case for resentencing.
After the parties briefed this appeal, the Supreme Court decided United States v. Booker, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which applied the Blakely rationale to the federal guidelines sentencing system. Because appellant did not present his Sixth Amendment objection to the district court prior to the imposition of sentence and judgment of conviction, however, we will not disturb his sentences unless we find that they are the product of plain error. See Fed.R.Crim.P. 52(b); United States v. Rodriguez, 398 F.3d 1291 (11th Cir.2005), rehearing en banc denied, 406 F.3d 1261 (11th Cir. 2005).
To satisfy the plain-error standard, we must find that (1) the district court committed “error,” (2) the error was plain or obvious, and (3) the error “affected substantial rights” in that the error was prejudicial. United States v. Olano, 507 U.S. 725, 730-32, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993). Concerning the third prong, in most cases the error will be prejudicial if it “affected the outcome of the district court proceedings.” Id. at 734, 113 S.Ct. at 1778. If these criteria are met, we may, in our discretion, correct the plain error if it “seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.” Id. at 736, 113 S.Ct. at 1779 (internal quotations and citation omitted).
Rodriguez dictates our application of the plain error test in this case. Following Rodriguez, we conclude that error (the enhancement of appellant’s offense level *404 based on facts he neither admitted nor the jury found) occurred, Rodriguez, 398 F.3d at 1299, and that it was plain. Id. The question thus becomes whether the third prong of the plain error test has been met in this case, i.e., whether the error affected appellant’s substantial rights.
The defendant has the burden of showing such prejudice — that the error affected his substantial rights. Id. at 1299.
[T]he ... defendant [must] show that the error actually did make a difference: if it is equally plausible that the error worked in favor of the defense, the defendant loses; if the effect of the error is uncertain so that we do not know which, if either, side it helped the defendant loses. Where errors could have cut either way and uncertainty exists, the burden is the decisive factor in the third prong of the plain error test, and the burden is on the defendant.
Id. at 1300.
Appellant has failed to carry this burden. Under Booker, although the Guidelines are no longer mandatory (but only advisory), the district court must nonetheless consult them in fashioning a sentence. See 18 U.S.C. § 3553(c). After doing so, the court looks to the sentencing factors set out in 18 U.S.C. § 3553(a), id. at 1301, and determines the sentence to impose. At the sentencing hearing in this case, nothing the court said would permit the inference that it would probably have given appellant significantly lesser sentences had it treated the Guidelines as advisory rather than mandatory. Appellant has therefore failed to establish the third prong of plain error review, and his sentence is due to be affirmed.
AFFIRMED.

. At the conclusion of the prosecution’s case, appellant moved the court for a judgment of acquittal. The court denied the motion. Appellant rested without putting on any evidence.

. Appellant admitted involvement with the 850 grams of methamphetamine found in the truck at the hotel parking lot.